UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK R. THOMPSON AND | * | CIVIL ACTION |
| CONNIE EASON THOMPSON | * | |
| | * | NO. 07-6733 |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | SECTION "L"(5) |
| COMPANY | * | |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion for Partial Summary Judgment (Rec. Doc. No. 27), the Defendant's Motion for Summary Judgment as to Attorneys' Fees (Rec. Doc. No. 19), the Defendant's Motion for Summary Judgment as to Coverage "B" and "C" (Rec. Doc. No. 20), and the Defendant's Motion for Summary Judgment as to Bad Faith Claims (Rec. Doc. No. 21).

I.     BACKGROUND

This case arises out of property damage as a result of Hurricane Katrina. The Plaintiffs allege that the hurricane caused extensive wind damage to the home in which Plaintiffs were renting and residing, located at 5844 Louis XIV Street in New Orleans, Louisiana. Plaintiff originally filed suit against State Farm Fire and Casualty Company ("State Farm") in state court alleging that they held an insurance contract with State Farm covering their home. The Plaintiffs notified State Farm of their loss on September 5, 2005. Plaintiffs allege negligence, breach of contract, bad faith, and arbitrary and capricious action by State Farm and seek damages for property loss, loss of use and mental anguish, as well as penalties, attorneys' fees and costs

against State Farm pursuant to La. Rev. Stat. §§ 22:658,[1] and 22:1220[2]. State Farm has answered and denies liability.

On October 11, 2007, State Farm removed the case from state court asserting diversity jurisdiction pursuant to 28 United States Code Section 1332.

II.     MOTIONS AND ANALYSIS

**A. State Farm's Motion for Partial Summary Judgment as to Plaintiffs' Claim for Attorneys' Fees**

State Farm seeks summary judgment as to Plaintiffs' claims for enhanced penalties and attorneys' fees under the amendments to La. Rev. Stat. § 22:658. State Farm contends that the 2006 amendment to Louisiana Revised Statute 22:658 is inapplicable to the Plaintiffs' claims, which, according to State Farm, accrued prior to the amendment. In response, the Plaintiffs argue that before the amendment, on November 8, 2005, the Plaintiffs provided satisfactory proof of loss only for their personal property located in the loft of the house based on the instructions of State Farm's adjuster. The Plaintiffs argue that they did not provide the Defendant with a full inventory of destroyed items, as an attachment to Responses to Request for Production of Documents, until May 12, 2008 after the effective date of the amendment, and that this list contained new damages that the Plaintiffs discovered they could submit.

Louisiana has two statutes which deal with enhanced damages where an insurer fails to timely pay covered claims: La. Rev. Stat. § 22:1220 and La. Rev. Stat. § 22:658. Attorneys'

---

[1] Effective January 1, 2009, Section 22:658 was renumbered and is now titled Section 22:1892. See La. Acts 2008, No. 415, § 1.

[2] Effective January 1, 2009, Section 22:1220 was renumbered and is now titled Section 22:1973. See La. Acts 2008, No. 415, § 1.

fees are neither specifically provided for nor recoverable under La. Rev. Stat. § 22:1220, *Malbrough v. State Farm Fire and Cas. Co.*, 1996 WL 533630 (E.D. La. Sept. 13, 1996), nor La. Civ. Code art 1997.*Sher v. Lafayette Insurance Co.*, 07-2441 (La.2008); 988 So.2d 186, 201. In 2003, the Louisiana Legislature amended Louisiana Revised Statute Section 658 to increase the statutory penalties for an insurer's bad faith breach of contract. Whereas the prior version of the statute had allowed for recovery of attorney's fees and penalties equal to only 10% of the plaintiff's proven damages, the 2003 amendment increased the penalty provision to 25% but omitted any award for attorney's fees. *See* 2003 La. Acts No. 790. On August 15, 2006, the Legislature again amended the statute, this time increasing the penalty provision to 50% of the plaintiff's proven damages and allowing for the award of attorney's fees.

Because the Plaintiffs' cause of action accrued prior to the enactment of the amendment and the Legislature did not intend the amendment to apply retroactively, the amendment is not applicable to the Plaintiffs' claims. *Sher v. Lafayette Insurance Co.*, 07-2441 (La.2008); 988 So.2d 186. The Plaintiffs allege that State Farm acted in bad faith by failing to timely resolve their claims after sending an adjuster to inspect the residence in October 29, 2005. Under Louisiana law, in general "the determinative point in time separating prospective from retroactive application of an enactment is the date the cause of action accrues." *Cole v. Celotex*, 599 So.2d 1058, 1063 (La.1992); *see also Brown v. RJ Reynolds Tobacco Co.*, 52 F.3d 524, 527 ("A cause of action accrues when a plaintiff may bring a lawsuit."). Further, there is no evidence that the Louisiana Legislature intended the amendment to apply retroactively; rather, there is, to the contrary, considerable evidence that the Legislature intended not to apply the amendment retroactively. *See* La.Rev.Stat. Ann. § 1:2 ("No Section of the Revised Statutes is retroactive unless it is expressly so stated."); La. Civ. Code Ann. Art. 6 (1999) ("In the absence of contrary

legislative expression, substantive laws apply prospectively only."); *see also Broussard v. State Farm Fire & Cas. Co.*, No. 06-8084, 2007 WL 2264535, *8 (E.D. La. Aug.2, 2007) ("The legislature did not include such an expression [of retroactive application] in 2006 La. Acts No. 813, and federal and state courts have consistently declined to read in a legislative intent to retroactively apply amendments to Section 22:658 in its absence.").

In the instant case, the Plaintiffs' cause of action accrued upon State Farm's alleged bad faith in failing to timely resolve their claims after receiving the initial proof of loss--well before the Legislature amended Section 658.

The Louisiana Supreme Court's ruling in *Sher* clarified the law regarding the retroactivity of La. Rev. Stat. § 22:658, and the ruling discusses only two factual situations in which the amended statute could apply retroactively: (1) when satisfactory proof of loss is not first made before the effective amendment date (August 15, 2006), but a petition for damages is served after to trigger the amended statute, and (2) when the plaintiff discovers new damages and makes satisfactory proof of loss after the effective amendment date. *Calypso Bay, L.L.C. v. State Farm Fire and Cas. Co.*, No. 06-4367, 2008 WL 4286492 (E.D. La. Sept. 19, 2008).

The Defendant argues that to allow Plaintiffs to get higher penalties and attorneys' fees would reward the Plaintiffs for failing to comply with the contract and giving an incorrect estimate of damages in the original proof of loss. In *Calypso Bay*, the plaintiffs argued that a new estimate of roof damage, submitted after the effective date of the amendment, allowed the plaintiffs to recover under the amended statute. However, the court found that the report did not show any new damages, and stated that the "[p]laintiff simply cannot benefit from its own adjuster's incorrect estimate, and later claim that the correction is a 'new' damage entitling it to increased penalties and claims for attorney's fees." *Id*. at *5. Similarly, the Plaintiffs in the

instant case cannot rely on their own failure to submit an adequate inventory of damages to trigger the amendment.

The Plaintiffs notified State Farm of their loss in September, 2005, State Farm inspected the property in October, 2005, and payment was made in November, 2005. The Plaintiffs first submitted a satisfactory proof of loss before the effective date of the amendment. Furthermore, the Plaintiffs do not contend that the inventory list that they submitted in 2008 included newly discovered damages. Accordingly, the Court grants the Defendant's motion for summary judgment on this issue and finds that the Plaintiffs' recovery of penalties under Section 22:658, if any, is limited to 25% of the amount found to be due to them under their homeowner's policy, and they are not entitled to attorney's fees.

### B. Plaintiffs' Motion for Partial Summary Judgment on Additional Living Expenses

Plaintiffs seek summary judgement finding that their additional living expense ("ALE") coverage includes costs to move into a new apartment, where the rent in the new apartment was less than the amount they paid before the hurricane. In response, the Defendant argues that the Plaintiffs seek undocumented expenses, that the terms of the policy do not cover instances where the cost of rent is lower than the Plaintiffs' original rental expenses, and that the Plaintiffs' recovery depends on whether the premises were made uninhabitable due to a covered loss.

In *Young v. State Farm Fire & Cas. Ins. Co*., 426 So.2d 636 (La. App. 1 Cir. 1982), the defendant appealed the award of additional living expenses. The policy stated that it "covers the necessary increase in living expense incurred by the Named Insured to continue as nearly as practicable the normal standard of living...." *Id*. at 644-45. The plaintiff argued that even if no

additional living expenses were incurred, he was still entitled to the fair value of what it would have cost to maintain the same standard of living as he had enjoyed in the larger house. The court found that since there was no evidence that additional expenses incurred or were required to maintain the plaintiff in a standard of living to that which he was accustomed, the award of ALE was in error.

Similarly, the policy issued by State Farm in the instant case states, "When a Loss insured causes the residence premises to become uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living..." Rec. Doc. No. 27-2. It is undisputed that the Plaintiffs' residence was uninhabitable. It is further undisputed that the cost of rent was less in the Plaintiffs' new premises was less than that in their original premises. To the extent that Plaintiffs seek ALE for rental costs that were less than that in their original premises, the Plaintiffs cannot recover. To the extent they seek damages for other expenses, the extent and nature of those expenses is a factual issue and summary judgment is not appropriate at this time.

### C. Defendant's Motion for Summary Judgment as to Coverage "B" and "C"

State Farm seeks summary judgment regarding Plaintiffs' recovery under Coverage "B" for personal property, and Coverage "C" for loss of use. State Farm argues that the Plaintiffs cannot recharacterize their personal property losses as ALE to recover for both, citing *Carlyon v. Aetna Cas. & Surety Co.*, 413 So.2d 1355, 1358 (La. App. 1982). In that case, "[S]heets, towels, clothing and kitchen utensils [were] an expense of repairing or replacing personal property which had been damaged or destroyed by the fire and therefore fell within the coverage of the unscheduled personal property." The plaintiffs recovered for these losses under their insurance for personal property damage. The court found, "therefore, they were not additional living

expenses as contemplated by the parties under the policy, but were recoverable under the loss or damage to unscheduled personal property provisions." *Id*. To the extent that the Plaintiffs seek to recover for these losses under both their ALE and personal property claims, summary judgment for the Defendant is granted.

The Defendant further urges that the Plaintiffs are not entitled to ALE after they moved into their new residence in October, 2005. The Defendant argues that ALE is meant only to provide for a transitional period, and the Plaintiffs, as renters, incurred no new expenses eligible for ALE coverage after they settled into their new rental home. The Plaintiffs' circumstances gives rise to a genuine issue of material fact as to when the Plaintiffs settled into their new home and incurred any additional living expenses after October 2006 to do so.

State Farm argues that the Plaintiffs have not met their burden of proving the existence of the loss, that such expenses were in addition to or an increase over normal living expenses, and that they were necessitated by covered damage. The Plaintiffs assert that they submitted sufficient evidence of their damages. The Plaintiffs further allege that they incurred necessary costs and cite an expert report as evidence that the expenses were caused by wind. The Defendant responds that the report does not credibly demonstrate the cause of Plaintiffs' personal property damage. The extent of the loss and whether the losses were caused by covered damage are factual issues and summary judgment is inappropriate at this time.

### D. State Farm's Summary Judgment Motion as to Bad Faith Claims

State Farm seeks summary judgment on the Plaintiffs' claims for statutory bad faith penalties. Louisiana law provides that statutory penalties may be assessed against insurers in certain situations for failure to timely resolve claims or pay settlement awards. For example, Louisiana Revised Statute § 22:658 provides that failure to timely pay or attempt to settle a claim

in certain circumstances shall subject the insurer to a penalty "when such failure is found to be arbitrary, capricious, or without probable cause." La. Rev. Stat. § 22:658(B)(1). Louisiana Revised Statute § 22:1220 sets forth that an insurer that breaches its "duty of good faith and fair dealing" to the insured shall be subject to statutory penalties. La. Rev. Stat. § 22:1220.

Under Louisiana law, however, the determination of whether an insurer acted arbitrarily, capriciously, or without probable cause necessarily depends on the facts of each individual case. *See Roberie v. S. Farm Bureau Cas. Ins. Co.*, 194 So.2d 713, 716 (La.1967) ("A determination as to what constitutes bad faith or lack of good faith depends on the facts and circumstances of each case."); *see also Combetta v. Ordoyne*, 04-2347, pp. 8-11 (La.App. 1 Cir. 5/5/06); 934 So.2d 836, 842-43 ("In order to determine whether or not an insurer acted reasonably and in good faith in negotiating and settling a claim, one must look to the facts of the individual case."). Moreover, in bad faith actions against an insurer, the insured bears a considerable burden because "the insured is seeking extra-contractual damages, as well as punitive damages." *See Lewis v. State Farm Ins. Co.*, 41-527, p. 25 (La.App. 2 Cir. 12/27/06); 946 So.2d 708, 725. The insured must prove that the "insurer knowingly committed actions which were completely unjustified, without reasonable or probable cause or excuse." *See Holt v. Aetna Cas. & Sur. Co.*, 28450-CA, p. 18 (La.App. 2 Cir. 9/3/96); 680 So.2d 117, 130."

Turning to the instant case, the Court finds that State Farm did not act arbitrarily, capriciously, or without probable cause in resolving the Plaintiff's insurance claims. State Farm had a reasonable basis to defend against the Plaintiffs' claim in light of the fact that the property was flooded with over six feet of water. An inspection of the Plaintiffs' property in October 2005 revealed extensive flood damage, which is not covered by the Plaintiffs' policy. The adjuster's assessment of the wind-related damage was subsequently verified by Defendant's expert, finding

that the extent of wind damage was minimal. The Plaintiffs were paid for the damage to all of their contents above the flood line. The Plaintiffs seek damages for the property below the flood line. The Plaintiffs' position is that the property below the flood line was first damaged by a covered peril, namely wind driven rain, and they are entitled to recover for this damage even if the flood further damaged the property. There is a legitimate issue as to whether and to what extent wind driven rain damaged the property below the flood line since it sat in flood waters for several weeks. To deny such claim as a result of the findings of an inspection is not arbitrary or capricious.

In addition, the Plaintiffs seek an additional amount of over $20,000 in ALE under their loss of use coverage (Coverage "C"). However, there is a genuine dispute as to whether the receipts appropriately documented the Plaintiffs' additional living expenses, and whether the Plaintiffs experienced any necessary increase in their costs; thus the Plaintiffs have not set forth any evidence that State Farm's actions were arbitrary, capricious or without probable cause. Although it may well be true that the amounts paid are not sufficient to fully compensate the Plaintiffs for the damages to the property, the fact that the parties dispute the total damages caused by a covered peril does not warrant the imposition of statutory penalties for bad faith. As a result, the Court finds that State Farm is entitled to summary judgment as to the claims for statutory bad faith penalties.

## III. CONCLUSION

For the reasons stated above, the Defendant's Motion for Summary Judgment as to Attorneys Fees (Rec. Doc. No. 19) is GRANTED, the Plaintiffs' Motion for Partial Summary Judgment (Rec. Doc. No. 27) is DENIED, the Defendant's Motion for Summary Judgment as to

Coverage "B" and "C" (Rec. Doc. No. 20) is GRANTED in part and DENIED in part, and the Defendant's Motion for Summary Judgment as to Bad Faith Claims (Rec. Doc. No. 21) is GRANTED.

    New Orleans, Louisiana this 27th day of February, 2009.

                                                      UNITED STATES
                                                      DISTRICT JUDGE